### SAMUEL P. LEWIS *vs.* LUTHER SHATTUCK.

A defendant will be allowed to plead a certificate of discharge in insolvency, obtained since the last continuance, in a case brought from the court of common pleas to this court upon exceptions, which he now waives.

MOTION for leave to plead a certificate of discharge in insolvency, obtained by the defendant since the last continuance, in a case tried at the last December term of the court of common pleas, at which the plaintiff obtained a verdict, and the defendant alleged exceptions, which he entered in this court at April term, but now waived.

*J. Ladd*, for the defendant.

*J. G. Abbott*, for the plaintiff. No new plea can be filed after judgment. Judgment having been rendered on the verdict in the court of common pleas, the only question open before this court is upon the exceptions, and if they are waived or overruled, the plaintiff is entitled to have the judgment affirmed. Rev. Sts. *c.* 82; §§ 12–14.

But even if the court have the power, in their discretion, to allow this plea to be filed, they will not exercise it in this case, in which, but for the defendant's delaying the case by exceptions which he is now unwilling to argue, execution would have issued before the discharge in insolvency was obtained.

SHAW, C. J. It is a mistake to suppose that when exceptions are allowed in the court of common pleas the judgment of that court is to stand as final, unless reversed by this court on the exceptions. And though perhaps the form of the judgment in this court, when exceptions are overruled, often is, " judgment of the court of common pleas affirmed," still, strictly speaking, it is a new judgment in this court, founded on the verdict in the court of common pleas, which comes up as part of the record, with additional interest from the date of the trial to the time of the judgment. The transfer of the case to this court is a qualified appeal; and gives this court jurisdiction of the entire cause. It supersedes and terminates the jurisdiction of the court

of common pleas, which can only be reinstated by a mandate, sending the case back, which is the foundation of the renewed jurisdiction of that court. Rev. Sts. *c.* 82, §§ 12–15. Jurisdiction is a word of large import, expressing judicial authority over a cause.

In general, it is true, that in case of exceptions the ordinary course is, either to overrule the exceptions, and then the verdict must be held to stand good and judgment will be rendered on it, being the same judgment which the court of common pleas did or might render, with the interest added; or to sustain the exceptions, and order a new trial in this court, or remit the case to the court of common pleas. But a case may arise, requiring the interposition of the court, to prevent manifest injustice, and violation of the rights of a party, which we think this court may rightfully exercise in virtue of their jurisdiction; and grant relief, by way of new trial or other proper mode. This however will not be done, except in a case of great exigency, and in general, when the new matter has arisen or come to the knowledge of the party since the last continuance. Suppose, to put a strong case, an action is brought by an administrator, and after verdict in the court of common pleas is brought before this court by exceptions, and before argument of the exceptions, or at any time before final judgment, the plaintiff's intestate appears alive. Or suppose after the exceptions taken and allowed, the plaintiff executes a release, and either of these facts is brought to the knowledge of the court; we think they have authority under their general jurisdiction, and it would be their duty, upon proper terms, to give the party an opportunity to avail himself of such new or newly discovered defence.

Under the circumstances of this case, the court are of opinion, that the verdict in the court of common pleas be set aside, and the defendant allowed to plead his discharge under the insolvent law, to which the plaintiff will have a right to make such reply as he may be advised.